# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. ) | |
| BRIAN EBERHARD; ) | |
| ) | |
| STATE OF TENNESSEE, ex. rel. ) | |
| BRIAN EBERHARD; ) | |
| ) | |
| STATE OF FLORIDA, ex. rel. ) | |
| BRIAN EBERHARD; ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| ) | Case No. 3:11-cv-445 |
| ) | Judge Trauger |
| v. ) | FILED UNDER SEAL |
| ) | |
| AMERITOX, LTD ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Relator's Motion to Discharge Attorney's Lien (Docket No. 22) and a Motion to Stay Further Proceedings on Relator's Motion to Lift Attorneys' Lien (Docket No. 27), to which the Relator has responded (Docket No. 28). For the reasons discussed herein, the court will deny the Motion to Stay and order further briefing on the Motion to Discharge.

## BACKGROUND

Brian Eberhard, as Relator, filed this *qui tam* action on behalf of the United States and the states of Florida and Tennessee on May 11, 2011. (Docket No. 1.) The Complaint broadly challenges the business practices of defendant Ameritox, Ltd., which formerly employed Eberhard. (*Id.*) The Complaint was filed by Eberhard's counsel, John W. Roberts and W.

1

Joseph Werner, Jr. of Roberts & Werner, PLLC (collectively, the "Firm"). (*Id.*)

On June 13, 2011, the Firm filed a Notice of Attorney's Lien. (Docket No. 7.) This Notice recounted that the Firm had a contingency fee agreement with Eberhard to represent him in this matter, through which the Firm would be entitled to 1/3 of the recovery in this case plus expenses. (*Id.*) The Firm further maintained that it had "fully performed" under the agreement and, given the nature of the dispute and the claims made, it had already "substantially completed" the performance required under the agreement, and was, therefore, entitled to 1/3 of the eventual judgment in this case, plus additional statutory fees and expenses. (*Id.*) The Notice also related that the Firm recently had been "effectively discharged . . . without good cause" by Eberhard. (*Id.*)

On June 14, 2011, the Firm moved to withdraw, again citing the breakdown in the Firm's relationship with Eberhard. (Docket No. 6.) The Motion to Withdraw was granted on June 27, 2011. (Docket No. 13.) On July 21, 2011, Eberhard filed the pending motion to "discharge the attorney's lien filed by [the Firm] and enter a *quantum meruit* lien." (Docket No. 22 at 3.) On August 8, 2011, the Firm filed its Motion to Stay the court's consideration of the Motion to Discharge, arguing that the issue of the scope of the attorney's lien is "not ripe." (Docket No. 27 at 4.)

## **ANALYSIS**

In his declaration filed in support of his Motion to Discharge, Eberhard states that he discharged the Firm because he lost "absolute confidence" in the Firm after discovering that multiple claims in the original Complaint (which has since been amended) were not pled correctly. (Docket No. 22 Ex. 1.) Additionally, Eberhard maintains that the Firm filed material

2

unnecessarily, made promises about representation in other matters that it did not keep, and "did not respond to my questions in a timely manner and did not otherwise keep me informed about this case." (*Id.*)

In light of all of these issues, Eberhard argues, his dismissal of the Firm must be considered a "for cause" dismissal under Tennessee law. (Docket No. 22 at 1 citing *Rose v. Welch*, 115 S.W. 3d 478, 486 (Tenn. Ct. App. 2003), which held that a "for cause" termination occurs when the client terminates the relationship because he has lost "absolute confidence" in the relationship with counsel). While an attorney dismissed "without cause" is entitled to the "full contract price," an attorney dismissed "for cause" is "entitled to recover on the basis of *quantum meruit* or breach of contract, whichever is less." *Rose*, 115 S.W.3d at 486.

In establishing that the dismissal was "for cause," it is the client's burden to show that (1) he actually lost confidence in counsel, and (2) his basis for the loss of "absolute confidence" was objectively reasonable. *Id.* at 486-87. Eberhard maintains that the numerous mistakes made by the Firm, along with its failure to communicate and keep promises, is sufficient to meet the objective and subjective elements of the test, and, therefore, the court should recognize the firing was "for cause" and amend the lien, such that the Firm could only recover in *quantum meruit*, which is the reasonable number of hours worked multiplied by the reasonable hourly rate. (Docket No. 22 at 2-3.)

The Firm's Motion to Stay argues that the scope of the lien is not a ripe issue, because an attorney's "contractual right to a fee" is generally adjudicated and enforced in "a separate proceeding" from the one in which the attorney's lien was declared. (Docket No. 27 at 3 citing *Starks v. Browning*, 20 S.W.3d 645, 652 (Tenn. Ct. App. 1999), which stated that "this separate

proceeding offers the client, now in the posture of a defendant, an opportunity to present defenses to the attorney's claim for a fee, including defenses that the attorney is not entitled to a fee because of professional negligence or some other basis.") Therefore, the Firm argues, this motion should be stayed and taken up after there is a judgment in this case and after the Firm seeks, in a separate proceeding, to enforce its lien. (Docket No. 27 at 3-4.)

In responding to the Motion to Stay, Eberhard points out that the Sixth Circuit has concluded that, even though "attorneys' fees arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action." (Docket No. 28 at 1 quoting *Kalyawongsa v. Moffett*, 105 F.3d 283, 287-88 (6th Cir. 1997)). This supplemental jurisdiction includes the power to "declare the precise amount of the lien." *Id.*

Clearly, under *Kalyawongsa*, this court has jurisdiction to determine the amount of the lien held by the Firm. The only issue is whether, at this stage in the litigation, it is appropriate to determine whether the lien is for 1/3 of total recovery plus fees and expenses or a *quantum meruit* lien. There is no compelling reason to delay the resolution of this issue, and all parties may benefit from having it resolved at this point. The Firm's relationship to Eberhard is concluded, and the events resulting in the termination of the relationship have already occurred. There is no reason to believe that further litigation of the underlying matter will shed any additional light on the circumstances of the Firm's separation from this case. Moreover, memories will be much fresher now, and affidavits or declarations regarding the basis for terminating the relationship will be more reliable now than they would be if the court waited to take up this issue until after the judgment in this case, which may be years down the line.

4

Therefore, the Firm's Motion to Stay Further Proceedings on Relator's Motion to Lift Attorneys' Lien (Docket No. 27) is **DENIED**. Within 14 days from the date this Order, the Firm shall respond to the substantive argument made in the Relator's Motion to Discharge Attorney's Lien. After the response is filed, Eberhard will have seven days to file an optional reply.

. It is so Ordered.

Enter this 22nd day of August 2011.

ALETA A. TRAUGER
United States District Judge